UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
The Hon. Marcia S. Krieger

Civil Action No. 09-cv-01114-MSK-KLM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

WELLCO ENERGY, LLC,
JUSTIN WILLIAM RIFKIN,
PATRICK V. LOOPER,
RICHARD G. PACHECO, and
DUSTIN D. WHITE,

        Defendants.
_____

**TEMPORARY RESTRAINING ORDER, ORDER OF REFERENCE TO MAGISTRATE JUDGE, AND ORDER SETTING HEARING**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, [etc.] **(# 2)**.

According to the Complaint **(# 1)** in this matter, the Defendants are allegedly engaged in the business of selling fractional ownership interests in active oil and gas wells. The Plaintiff alleges, among other things, that the fractional interests are unregistered securities, that the Defendants are not licensed securities dealers, and that the Defendants have made materially false and misleading statements incident to the sale of the fractional interests, all in violation of Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77(t)(b), and Section 21(d) of the Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u(d)(1).

In the instant motion, the Plaintiffs seek a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b): (1) preliminarily enjoining the Defendants from violating Sections 5(a), 5(c),

and 17(a) of the Securities Act and Sections 10(b) and Rule 10b-5 promulgated thereunder; (ii) preliminarily enjoining Defendants Rifkin, Looper, Pacheco, and White from violating the broker-dealer registration provisions of Section 15(a) of the Exchange Act; (iii) freezing the assets of Defendants Wellco and Rifkin; (iv) requiring Defendants to provide an accounting of investors' funds and Defendants' other assets; (v) ordering expedited discovery; and (vi) prohibiting Defendants from destroying or altering any documents.

The Court has reviewed the Plaintiff's motion and supporting affidavits and finds that the Plaintiff has complied with Fed. R. Civ. P. 65(b)(1)(A) and (B), in that it has shown that it will suffer immediate injury before the Defendants can be heard in response and has shown that giving notice to the Defendants of this motion should not be required, insofar as the Plaintiff has demonstrated cause to believe that advance notice of this motion would provide the Defendants with a motive and opportunity to liquidate and convert investor funds presently available, thereby frustrating any possible recovery on behalf of investors. The Court further finds that Plaintiff has made a *prima facie* showing that violations of the securities laws have occurred, and that each Defendant, directly or indirectly, has engaged in and, unless restrained, will continue to engage in acts, practices, and courses of business constituting violations of those laws

Accordingly, it is hereby **ORDERED**:

1. That pending the determination of the SEC's Motion for a Preliminary Injunction, the Defendants, their officers and agents, and those persons acting in active concert or participation with them who receive notice of this Order, are enjoined and restrained from, directly or indirectly: (i) violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)]; (ii) violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R.

240.10b-5]; and (iii) engaging in the sale of unregistered securities or otherwise violating Section 5 of the Securities Act [15 U.S.C. § 77e].

    4. That pending the determination of the SEC's Motion for a Preliminary Injunction, Defendants Rifkin, Looper, Pacheco, and White, and their agents and those persons acting in active concert or participation with them who receive notice of this Order, are enjoined and restrained from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by acting as a broker or dealer unless registered as provided by law.

    5.     (a) That those assets of Defendants Wellco and Rifkin that are reasonably traceable to the violations alleged in this action are frozen. Defendants Wellco and Rifkin, their officers and agents, and those persons in active concert or participation with them who receive notice of this Order, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any funds or other assets or things of value reasonably traceable to the violations alleged in this action and presently held by Defendants Wellco and Rifkin, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

        (b) Any bank, financial or brokerage institution or other person or entity holding funds, securities or other assets in the name of, for the benefit of, or under the control of Defendants Wellco Energy, LLC and William Justin Rifkin, shall, if such assets are reasonably traceable to the violations alleged in this action, hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

    6. That pending determination of the SEC's Motion for a Preliminary Injunction, the Defendants, their officers and agents, and those persons in active concert or participation with

them who receive notice of this Order, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants.

7. That pursuant to 28 U.S.C. § 636(b), this matter is referred to United States Magistrate Judge Kristen L. Mix to convene a scheduling conference pursuant to Fed. R. Civ. P. 16; and to hear and resolve all motions seeking or relating to discovery.

8. That the Plaintiff shall serve the Summons, Complaint, all motions and supporting documents filed to date, and a copy of this Order on each of the Defendants in accordance with Fed. R. Civ. P. 4, on or before Monday, May 18, 2009.

9. That the Defendants shall appear before this Court on **Friday, May 22, 2009** at **4:00 p.m.**, and show cause why this Court should not enter a Preliminary Injunction as requested by the Plaintiff. This hearing will be non-evidentiary in nature. The parties shall be prepared to address whether an evidentiary hearing on the Plaintiff's Motion for Preliminary Injunction is necessary, and if so, to set such evidentiary hearing.

Dated this 14th day of May, 2009 at 3:15 p.m.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge