UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
The Hon. Marcia S. Krieger

Case No. 09-cv-01114-MSK-KLM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

WELLCO ENERGY, LLC,
JUSTIN WILLIAM RIFKIN,
PATRICK V. LOOPER,
RICHARD G. PACHECO, and
DUSTIN D. WHITE,

    Defendants.

## PRELIMINARY INJUNCTION AS AGAINST WELLCO ENERGY, LLC

**PURSUANT TO** the parties' Unopposed Motion for Preliminary Injunction as to Defendant Wellco Energy, LLC **(# 30)**, it is hereby ORDERED:

1. The Motion is **GRANTED**.

2. That pending the determination of this matter on the merits, the Defendant Wellco Energy LLC, its officers, members, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which

they were made, not misleading, or; (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)].

   3. That pending the determination of this matter on the merits, the Defendant Wellco Energy LLC, its officers, members, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

   4. That pending the determination of this matter on the merits, the Defendant Wellco Energy LLC, its officers, members, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from, directly or indirectly,  from violating Section 5 of the Securities Act [15 U.S.C. § 77e], directly or indirectly, in the absence of any applicable exemption: (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; (b) unless a registration statement is in effect as to a security, carrying or

causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

    5.  That pending the determination of this matter on the merits: (a) the assets of Wellco Energy LLC are frozen.  The Defendant Wellco Energy LLC, its officers, members, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are ordered to hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal, whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located; and  (b) Any bank, financial, or brokerage institution or other person or entity holding any funds, securities, or other assets in the name of, or for the benefit of, or under the control of Defendant Wellco Energy, LLC  shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any

such funds or other assets.

6. That pending the determination of this matter on the merits, the Defendant Wellco Energy LLC, its officers, members, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

7. This preliminary injunction shall remain in effect until further order of the Court.

Dated this 24th day of July, 2009

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge