UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 09-cv-01114-MSK-KLM

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

WELLCO ENERGY, LLC,
JUSTIN WILLIAM RIFKIN, and
DUSTIN D. WHITE,

     Defendants.

_____

**ORDER OF PERMANENT INJUNCTION AND FINAL JUDGMENT
AGAINST DEFENDANTS WELLCO ENERGY L.L.C.,
JUSTIN WILLIAM RIFKIN AND DUSTIN D. WHITE**
_____

Pursuant to the Court's Order (#74) entered on February 21, 2011, which granted the Plaintiff Securities and Exchange Commission's unopposed Motion for Summary Judgment (#69) against Defendants Wellco Energy LLC ("Wellco"), Justin William Rifkin ("Rifkin") and Dustin D. White ("White") that was filed on June 25, 2010, the Court finds that the undisputed facts contained in the Plaintiff's pleadings are true; these defendants violated Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78o(a)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Sections 5 and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e and 77q(a)]; there is a likelihood of future violations of the federal securities laws; and entry of permanent injunctions, orders for the payment of disgorgement, prejudgment interest and civil penalties against these three defendants are appropriate.

Accordingly, it is hereby **ORDERED**:

1. Defendants Wellco, Rifkin and White and each of their agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction and Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. Defendants Wellco, Rifkin and White and each of their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction and Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or

any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. Defendants Wellco, Rifkin and White and each of their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction and Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell such securities through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation or communication in interstate commerce or of the mails, any such security for the purpose of sale or for deliver after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell or offer to buy through the use or medium of any prospectus or otherwise, any security unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

4. Defendants Wellco, Rifkin and White and each of their agents, servants,

employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction and Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 780(a)] by acting as a broker or dealer unless registered as provided by law.

     5. Defendants Wellco and Rifkin are jointly and severally liable for disgorgement of $782,751, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $46,875, and a civil penalty of $782,751. Defendants shall satisfy this obligation by paying $1,612,377 within fourteen days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Wellco and Rifkin as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order of Permanent Injunction and Final Judgment. Defendants Wellco and Rifkin shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the

Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Defendants shall jointly and severally pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

6. Defendants Wellco and Rifkin shall assign their interests in the Wilson Bend prospect and the North Semitropic prospect to the investors based on their pro rata share of the purchase prices paid for those prospects to Transco.

7. The funds frozen in Defendants Wellco's and Rifkin's bank accounts pursuant to the temporary restraining order entered on May 14, 2009 (# 3) in the amount of $40,123.88 shall be paid into the registry of the Court to be distributed upon a later motion by the SEC.

8. Defendant White is liable for disgorgement of $64,618, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,296, and a civil penalty in the amount of $64,618. Defendant shall satisfy this obligation by paying $132,532 within fourteen days to the Clerk of this, together with a cover letter identifying Dustin D. White as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order of Permanent Injunction and Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"),

shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Defendant White shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

9. The Court shall retain jurisdiction of this matter for purposes of enforcing this Order of Permanent Injunction and Final Judgment.

10. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.  The Clerk is directed to close this case.

DATED this 31st day of August, 2011.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge